IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert LaRue Brown, Jr., | No. CV-14-8229-PCT-DJH |
| Petitioner, | **ORDER** |
| v. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

      This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and the Report and Recommendation ("R&R") issued by United States Magistrate Judge Bridget S. Bade (Doc. 13). Pursuant to a plea agreement, Petitioner pled guilty to and was convicted of one count of manslaughter and one count of theft of means of transportation. (Doc. 13 at 2-3). He was sentenced to 21 years in prison on the manslaughter conviction and a concurrent term of four years in prison on the theft conviction. (Doc. 13 at 3). He raised five grounds for relief in the Petition, including ineffective assistance of trial counsel, improper consideration of aggravating factors by the trial court, erroneous finding by the trial court that the murder was cruel, heinous, or depraved, unlawful determination of aggravating factors by the trial court rather than a jury, and ineffective assistance during Petitioner's "of-right" post-conviction relief proceeding. (Doc. 13 at 4). After consideration of the issues, Judge Bade concluded that the Petitioner's claims are time-barred because he failed to file the Petition within the one-year statute of limitations period, which expired on December 27,

1  2007.  (Doc. 13 at 15).  The Petition was filed nearly seven years too late and there was no basis for tolling the limitations period.  (Doc. 13 at 5-13).  Accordingly, Judge Bade recommends the Petition be denied.  (Doc. 13 at 15).

Judge Bade advised the parties that they had fourteen days to file objections and that the failure to file timely objections "may result in the acceptance of the Report and Recommendation by the District Court without further review."  (Doc. 13 at 16) (citing *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*)).  The parties have not filed objections and the time to do so has expired.  Absent any objections, the Court is not required to review the findings and recommendations in the R&R.  *See Thomas v. Arn*, 474 U.S. 140, 149 (1989) (The relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does not on its face require any review at all . . . of any issue that is not the subject of an objection."); *Reyna-Tapia,* 328 F.3d at 1121 (same); Fed.R.Civ.P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

Nonetheless, the Court has reviewed the R&R and agrees with its findings and recommendations.  The Court will, therefore, accept the R&R and deny the Petition.  *See* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."); Fed.R.Civ.P. 72(b)(3) (same).

Accordingly,

**IT IS ORDERED** that Magistrate Judge Bade's R&R (Doc. 13) is **accepted** and **adopted** as the order of this Court.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **denied** and **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

**IT IS FURTHER ORDERED** that the Clerk of Court shall terminate this action and enter judgment accordingly.

Dated this 29th day of June, 2015.

_____
Honorable Diane J. Humetewa
United States District Judge